## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

NAPOLEAN DERRON WATKINS,

        Petitioner,

v.                                  CASE NO.2:14-CV-13200
                                  HONORABLE SEAN F. COX
ERICA HUSS,[1]                 UNITED STATES DISTRICT JUDGE

        Respondent.
_____/

### OPINION AND ORDER (1) REOPENING THE CASE TO THE COURT'S ACTIVE DOCKET, AND (2) TRANSFERRING PETITIONER'S LETTER [DKT. # 24] TO THE COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

Napolean Derron Watkins, ("petitioner"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for assault with intent to murder, carrying a concealed weapon, possession of a firearm by a felon, and possession of a firearm during the commission of a felony. The petition was denied with prejudice. *Watkins v. Nepel*, No. 2:14-CV-13200, 2017 WL 2117896 (E.D. Mich. May 16, 2017); *app. dism.* No. 17-1702 (6th Cir. Oct. 26, 2017).

Petitioner sent a letter to this Court, in which he again challenges the constitutionality of his conviction and seeks help from this Court. This Court construes this letter as a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254.[2]

---

[1] Petitioner has been moved and is now housed at the Marquette Branch Prison, where his warden is Erica Huss. The caption is amended to reflect the change.

[2] Petitioner appears to seek relief from his conviction; this Court should construe his letter as a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. *See e.g. Simpson v. Caruso,* 355 F.App'x 927, 930 (6th Cir. 2009).

1

For the following reasons, the Court orders the Clerk of the Court to reopen the case to the Court's active docket. The Court further orders that petitioner's letter [Dkt. # 24] be transferred to the Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A).

**II. Discussion**

The Court directs the Clerk of the Court to reopen the case to the Court's active docket in order to facilitate the adjudication of petitioner's letter. *See Heximer v. Woods*, No. 2:08-CV-14170, 2016 WL 183629, at *1 (E.D. Mich. Jan. 15, 2016).

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Congress has vested in the court of appeals a screening function that the district court would have performed otherwise. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). Under the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for a writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *See Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999)). When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the court of appeals, the district court must transfer the document to the court of appeals. *See In re Sims*, 111 F.3d 45, 47 (6th Cir.1997).

Petitioner's letter is an attempt to file second or successive habeas petition because petitioner may be seeking to re-litigate the claims that he previously raised in his prior habeas petition. *See In re Bowling*, 422 F.3d 434, 440 (6th Cir. 2005). To the extent that petitioner seeks to raise new

2

claims in his letter, this would also amount to a second or successive habeas petition. *See Brooks v. Bobby*, 660 F.3d 959, 962 (6th Cir. 2011).

Accordingly, the Clerk of Court is ordered to transfer petitioner's request for relief to the United States Court of Appeals for the Sixth Circuit pursuant to *Sims* and 28 U.S.C. § 1631. *See Galka v. Caruso,* 599 F. Supp. 2d 854, 857 (E.D. Mich. 2009).

## ORDER

The Court **ORDERS** that:

(1) The Clerk of the Court reopen the case to the Court's Active Docket.

(2) The Clerk of the Court is **ORDERED** to transfer petitioner's letter filed October 11, 2017 [Dkt. # 24] to the United States Court of Appeals for the Sixth Circuit for authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A) pursuant to 28 U.S.C. § 1631.

Dated:  January 12, 2018                    s/Sean F. Cox
                                            Sean F. Cox
                                            U. S. District Judge


I hereby certify that on January 12, 2018, the foregoing document was served on counsel of record via electronic means and upon Napolean Watkins via First Class mail at the address below:

Napolean Watkins 704896
MARQUETTE BRANCH PRISON
1960 U.S. HWY 41 SOUTH
MARQUETTE, MI 49855

                                            s/J. McCoy
                                            Case Manager